IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DRAKE CAMERON DECKER,

    Plaintiff,

v.

ANDREWS FLORIST ON 4TH STREET, INC.,
BLANCA LUZ MICHAELS, and ANDREW
MICHAELS, II,

    Defendants.

Case No. 8:20-cv-02985

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Drake Cameron Decker ("Plaintiff" or "Decker") sues Defendants, Andrews Florist on 4th Street, Inc. ("AF4"), Blanca Luz Michaels ("Blanca Michaels") and Andrew Michaels, II ("Andrew Michaels") and states as follows:

### CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq. (FLSA), Article X, Section 24, Florida Constitution (Article X, Section 24), Florida Minimum Wage Act, Fla.Stat., § 448.120 (FMWA) and Florida's Private Whistleblower Act, Fla.Stat., § 448.102.

### PARTIES

2. Plaintiff Decker is an individual who currently resides in Pinellas County, Florida.

3. Defendant AF4 is a Florida Profit Corporation with its principal place of business located in Pinellas County, Florida.

4. Defendant Blanca Michaels is an individual who owns and operates Defendant AF4 and resides in Pinellas County, Florida.

5. Defendant Andrew Michaels is an individual who owns and operates Defendant AF4 and resides in Pinellas County, Florida.

## JURISDICTION AND VENUE

6. Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claims set forth herein is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Pinellas County, Florida.

8. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) because the action accrued in Pinellas County, Florida over which the Tampa Division has jurisdiction.

## GENERAL ALLEGATIONS

9. Defendant AF4 is in the business of the retail sale of flowers and related products.

10. Plaintiff was formerly employed by Defendant AF4 as a delivery driver from April 30, 2020 through November 17, 2020.

11. At all times material hereto, Defendant AF4 was "an enterprise engaged in commerce" and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

12. At all times relevant, Defendant AF4 had annual gross revenues of at least $500,000.00.

13. At all times relevant, Defendant AF4 employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of Florida and moved through interstate commerce.

14. At all times relevant, Defendant AF4 employed two or more individuals who routinely handled flowers which were cultivated outside of Florida and moved through interstate commerce.

15. At all times relevant, Defendant AF4 employed two or more individuals who routinely handled floral containers and accessories which were manufactured outside of Florida and moved through interstate commerce.

16. By virtue of being a covered employer under the FLSA, Defendant AF4 was at all times relevant, a covered employer under Article X, Section 24, Florida Constitution (Art. X. Sec. 24) and the Florida Minimum Wage Act, Fla.Stat. Section 448.110 (FMWA).

17. At all times material hereto, Defendants Blanca and Andrew Michaels were each an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

18. Defendants Blanca and Andrew Michaels managed, oversaw and operated AF4 as a business enterprise within the meaning of 29 U.S.C. § 203 (s) (1) of the FLSA.

19. Defendants Blanca and Andrew Michaels exercised complete dominion and control over employee wages, hours, and working conditions including those of Plaintiff.

20. Defendants Blanca and Andrew Michaels devised and implemented all employee pay policies of the company including those directly affecting Plaintiff.

21. By virtue of being employers under the FLSA, Defendants Blanca and Andrew Michaels were employers under Art. X, Sec. 24 and subject to liability for violations thereof.

22. At all times material hereto, Plaintiff was an FLSA non-exempt employee of Defendants.

23. At all times material hereto, Plaintiff was a non-exempt employee of Defendants under Art. X, Sec. 24 and the FMWA.

24. Defendant was required to use his personal vehicle to perform his delivery driver position.

25. Defendants promised to pay Decker on a piece rate of $5.00 per delivery within Pinellas County, Florida and $7.00 per delivery outside of Pinellas County.

26. Plaintiff's aggregate piece rate earnings each workweek, when divided by the number of hours worked, did not amount to at least the Florida or federal minimum wage rate.

27. Moreover, Defendants failed to reimburse Plaintiff for mileage expenses incurred in the course of using his personal vehicle to deliver Defendants' goods, thus reducing his effective hourly wage rate even further below the Florida and federal minimum wage rates.

28. Defendants were also required under the FLSA to pay Decker overtime compensation at one and one half (1 ½) times his effective hourly rate for each hour worked over 40 in a workweek.

29. Throughout his employment, Decker routinely worked in excess of 40 hours in a workweek.

30. However, Defendants failed to pay Decker his earned overtime wages.

31. Decker complained to Defendants regarding the failure to pay his wages in full and requested payment of said wages.

32. In retaliation, Defendants summarily terminated his employment.

33. Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

# COUNT I
*(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. Section 206- Against All Defendants)*

34. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 33.

35. The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

36. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each hour worked in a workweek.

37. Throughout Plaintiff's employment, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the federal minimum wage.

38. Defendants owe Plaintiff his unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

39. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff Decker demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT II
### *(Failure to Pay Minimum Wages in violation of Article X, Section 24, Florida Constitution- Against All Defendants)*

40. Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 33.

41. Plaintiff was entitled to be paid at least the applicable Florida minimum wage for all hours worked during his employment with Defendants.

42. For multiple workweeks, Defendants willfully failed to compensate Plaintiff at an effective hourly wage which was at least equal to the Florida minimum wage.

43. Defendants owe Plaintiff unpaid Florida minimum wages plus an additional amount in the way of liquidated damages equal to the amount of unpaid minimum wages.

44. Defendants did not make a good faith effort to comply with Art. X, Sec. 24 with respect to their compensation of Plaintiff.

WHEREFORE, Plaintiff Decker demands judgment against Defendants, jointly and severally, for unpaid Florida minimum wages plus an equal amount in the way of liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Art. X, Sec. 24), and such other and further relief that the Court deems just and proper.

## COUNT III
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207- Against All Defendants)*

45. Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 33.

46. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

47. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek

48. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half his effective hourly, regular rate of pay for overtime hours worked.

49. As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

50. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

51. Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Decker demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

### COUNT IV
### (FLSA Retaliation, 29 U.S.C. § 215- Against All Defendants)

52. Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 33.

53. Plaintiff engaged in protected conduct under the FLSA when he complained to Defendants regarding the failure to pay his full wages, including overtime pay and minimum wages.

54. Defendants responded to Plaintiff's protected conduct by terminating his employment.

55. Defendants conduct in this regard amounted to a willful violation of the anti-retaliation provision of the FLSA.

56. On account of the retaliatory discharge, Plaintiff has incurred lost wages.

57. The retaliation has also caused Plaintiff emotional pain and suffering for which he is entitled to compensatory damages.

58. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for back pay, front pay in lieu of reinstatement, liquidated damages, compensatory damages, prejudgment interest, together with the costs of suit and reasonable attorney's fees under the FLSA, and such other and further relief that the Court deems just and proper.

## COUNT V
### *(Retaliation, FMWA, Section 448.110(5) - Against All Defendants)*

59. Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations in paragraphs 1 through 33.

60. Plaintiff engaged in protected conduct under the FMWA, Section 448.110(5) when he complained to Defendants regarding the failure to pay his full wages, including overtime pay and minimum wages.

61. Defendants responded to Plaintiff's protected conduct by terminating his employment.

62. Defendants conduct in this regard amounted to a willful violation of the anti-retaliation provision of the FMWA.

63. On account of the retaliatory discharge, Plaintiff has incurred lost wages.

64. The retaliation has also caused Plaintiff emotional pain and suffering for which he is entitled to compensatory damages.

65. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for back pay, front pay in lieu of reinstatement, liquidated damages, compensatory damages, prejudgment interest, together with the costs of suit and reasonable attorney's fees under FMWA, Section 448.110(c), and such other and further relief that the Court deems just and proper.

## COUNT VI
*(Retaliation, Article X, Section 24(d) - Against All Defendants)*

66. Plaintiff realleges and adopts, as if fully set forth in Count VI, the allegations in paragraphs 1 through 33.

67. Plaintiff engaged in protected conduct under Article X, Section 24(d) when he complained to Defendants regarding the failure to pay his full wages, including overtime pay and minimum wages.

68. Defendants responded to Plaintiff's protected conduct by terminating his employment.

69. Defendants conduct in this regard amounted to a willful violation of the anti-retaliation provision of Article X, Section 24(d).

70. On account of the retaliatory discharge, Plaintiff has incurred lost wages.

71. The retaliation has also caused Plaintiff emotional pain and suffering for which he is entitled to compensatory damages.

72. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for back pay, front pay in lieu of reinstatement, liquidated damages, compensatory damages, prejudgment interest, together with the costs of suit and reasonable attorney's fees under Article X, Section 24(e), and such other and further relief that the Court deems just and proper.

### COUNT VII
*(Violation of Florida's Private Whistleblower Act, Fla.Stat., § 448.102- Against Defendant AF4)*

73. Plaintiff realleges and adopts, as if fully set forth in Count VII, the allegations in paragraphs 1 through 33.

74. Plaintiff engaged in protected activity under Fla. Stat., Section 448.102 when he objected to Defendant AF4's unlawful pay practices which included the failure to pay at least the applicable minimum wage as well as overtime compensation for all hours he worked in excess of 40 in a workweek.

75. The failure to pay overtime compensation violated the FLSA.

76. The failure to pay at least the federal minimum wage violated the FLSA.

77. The failure to pay at least the Florida minimum wage violated both Article X, Section 24 and the FMWA.

78. The failure to pay Plaintiff earned minimum wages and overtime constituted a violation of Pinellas County, Florida's Wage Recovery Ordinance, Chapter 51.

79. In direct response to Plaintiff's objections to the unlawful pay practices, Defendant AF4 retaliated against Plaintiff by terminating his employment.

80. Defendant AF4's retaliatory actions constitute a violation of Fla.Stat., § 448.102.

81. Due to the retaliatory discharge, Plaintiff has incurred lost wages.

82. Plaintiff has also suffered emotional distress as a result of the retaliatory conduct.

83. Plaintiff is entitled to the remedies afforded by Fla. Stat., § 448.103 as well as recovery of his reasonable attorneys' fees and costs pursuant to Fla. Stat., § 448.104.

84. Plaintiff states that reinstatement would be impossible or impracticable such that an award of front pay in lieu of reinstatement would be appropriate.

WHEREFORE, Plaintiff Decker demands judgment against Defendant AF4 for backpay, compensatory damages, front pay, punitive damages, prejudgment interest, together with the costs of suit and reasonable attorney's fees under Fla. Stat., § 448.104, and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right,

Dated this 15th day of December 2020.   Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
BRIAN K. CALCIANO
Florida Bar No. 10887
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
mike@flemploymentlaw.com
brian@flemploymentlaw.com